[No. 6074. Decided March 22, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. B. A. WEISENBERGER, *Appellant.*[1]

HOMICIDE—ASSAULT WITH INTENT TO KILL—EVIDENCE—EXTENT OF WOUND. In a prosecution for assault with intent to kill by shooting, it is not prejudicial error to permit the prosecuting witness to show the character and extent of the wound by stating how long he was under the doctor's care.

SAME—HEARSAY EVIDENCE—DRAWN OUT ON CROSS-EXAMINATION— HARMLESS ERROR. In a prosecution for an assault with intent to kill, the accused cannot complain of the hearsay statement of a witness that she had been told that the accused said he would shoot, when the same was drawn out by counsel for the accused in answer to a question as to why the witness made the statement that the accused was trying to shoot.

SAME—EVIDENCE OF INTENT—COMPETENCY. In a prosecution for assault with intent to kill, the fact that the accused had insulted the daughter of the prosecuting witness the night before, and had threatened to shoot in case she reported the matter, is material to show intent in drawing the revolver and shooting when called out by the prosecuting witness.

SAME—ACCIDENTAL SHOOTING—INSTRUCTIONS NOT REQUESTED. In a prosecution for assault with intent to kill, error cannot be predicated upon the failure of the court to instruct the jury on the theory of an accidental discharge of the revolver during a struggle, where no instructions thereon were requested.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered October 14, 1905, upon a trial and conviction of the crime of assault with intent to kill. Affirmed.

*W. H. Abel,* for appellant.

*E. E. Boner,* for respondent.

ROOT, J.—For some time prior to the occurrences hereinafter stated, appellant was a roomer at the hotel of Mr. and Mrs. Parkhurst, in the city of Aberdeen. One evening, a

1Reported in 85 Pac. 20.

daughter of Mrs. Parkhurst accompanied the appellant to Hoquiam, a few miles distant, and while there was requested by appellant to go with him to a room over a saloon. She resented this suggestion, and upon arrival home, related what had occurred to her mother, who in turn informed her husband. On the next morning Mr. Parkhurst, for the purpose, as he says, of requesting appellant to leave the hotel, called the latter from the hotel sitting room, where he was in company with several other persons, into the hallway. Before he had spoken to him, however, his wife entered the hallway from a different room, and immediately asked appellant why he had insulted her daughter. Thereupon appellant drew a revolver and made a motion as if to shoot Parkhurst. Mrs. Parkhurst grappled with him and struggled to prevent him from using the revolver. However, he managed to throw her to one side and fired, the shot taking effect in Mr. Parkhurst's head, causing a serious injury. Appellant then fled, but was soon thereafter apprehended. He was subsequently prosecuted upon the charge of an assault with intent to commit murder, and was convicted and sentenced to a term of six years in the penitentiary. From this judgment and sentence, an appeal is prosecuted.

Appellant assigns as error the action of the trial court in permitting Mr. Parkhurst to state upon the witness stand how long he was under the doctor's care. Respondent claims that this evidence was competent and material as showing the character and extent of the wound, and had a bearing upon the question of appellant's intent in producing such a wound. While its materiality is open to serious doubt, we are of the opinion that the reception of this evidence was in no wise prejudicial to appellant.

In the course of her evidence, Mrs. Parkhurst stated that appellant was trying to shoot her husband. Appellant's attorney asked her why she made that statement. She answered: Because my daughter told me he said he would

shoot." Appellant's counsel moved to strike this answer as being hearsay evidence, which motion was denied. This ruling is assigned as error. We do not think it was error. The evidence shows that appellant had drawn a revolver and was in a struggle evidently attempting to shoot Mr. Parkhurst, and this, together with what her daughter had told her of a threat of appellant, made the night before, "to shoot," induced her to believe that he was trying to shoot her husband, and the question of appellant's counsel having brought out this answer, we do not think he is in a position to complain.

It is also urged by appellant that it was error to permit testimony tending to show that appellant had insulted Mrs. Parkhurst's daughter the night before. It was incumbent upon the state to prove an intention on the part of appellant to commit murder. For this purpose it was competent to show a motive on the part of appellant to commit such crime. The fact that he had insulted the daughter the night before, and had threatened to shoot in case she reported the matter, was material and competent as bearing upon the question of his intention in drawing the revolver and shooting as he did.

Error is also assigned upon the omission of the court to instruct upon the hypothesis of the revolver being accidentally discharged. No request for an instruction of this kind was made by appellant. The instructions given by the trial court appear to have covered the issues involved, and to have been fair and comprehensive, and we do not think this assignment is well taken.

From the record we think it satisfactorily appears that the appellant had a fair trial, was well defended, and that the judgment of the superior court was abundantly justified by the evidence and the law of the case. It is therefore affirmed.

MOUNT, C. J., DUNBAR, CROW, HADLEY, and FULLERTON, JJ., concur.